Filing # 39019552 E-Filed 03/15/2016 11:14:37 AM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

ELLIOT E. VALENTIN,

    Plaintiff,

v.

Case No.: 16-CA-002475
Division: H

CASTILLO PAINT & COLLISION SHOP, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELLIOT E. VALENTIN ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, CASTILLO PAINT & COLLISION SHOP, INC. ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law.

2. Venue is proper in Hillsborough County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Defendant operates a body shop in Ruskin, in Hillsborough County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.  Plaintiff requests a jury trial for all issues so triable.

8.  At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9.  At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

11. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

## FACTS

12. Plaintiff began working for Defendant as an auto repair technician in June 2014, and he worked in this capacity until December 2015.

13. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

14. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

15. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a commission, based on the time allocated toward a particular job, using $19.00 per hour as the basis for the commission.

16. Defendant failed to pay Plaintiff all wages owed to Plaintiff, including compensation for the last two weeks of Plaintiff's employment.

2

17. Plaintiff's unpaid commissions constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

18. Defendant's failure to pay Plaintiff all of Plaintiff's wages, including compensation for the last two weeks of Plaintiff's employment, was willful.

19. Plaintiff repeatedly complained to his supervisor, Defendant's crew leader, that he was not receiving compensation for his hours worked in a timely manner.

20. Due to Plaintiff's repeated complaints of not getting paid in a timely manner, Defendant terminated Plaintiff's employment.

21. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

22. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

23. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

24. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

25. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

3

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

27. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for Plaintiff's services.

28. Defendant failed to compensate Plaintiff with all "wages" owed to Plaintiff, including Plaintiff's unpaid commissions for the last two weeks of his employment.

29. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this _____ day of March, 2016.

                                      Respectfully submitted,

                                      /s/ Christopher J. Saba
                                      CHRISTOPHER J. SABA
                                      Florida Bar No. 0092016
                                      **WENZEL FENTON CABASSA, P.A.**
                                      1110 North Florida Avenue
                                      Suite 300
                                      Tampa, Florida 33602
                                      Direct Dial: 813-321-4086
                                      Main Telephone: 813-224-0431
                                      Facsimile: 813-229-8712
                                      E-Mail: csaba@wfclaw.com
                                      E-Mail: tsoriano@wfclaw.com
                                      **Attorneys for Plaintiff**

Served 3/25/16 at 1:25 P.M.
Process Server, #10-749731 Initials FD

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**Elliot E Valentin**
Plaintiff(s)
vs

Case No.: **16-CA-002475**

**Castillo Paint & Collision Shop Inc**
Defendant(s)

Division H

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

   **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s)

   **Castillo Paint & Collision Shop Inc**
   **c/o Registered Agent: Aloysius Kalinowski**
   **516 S Tamiami Trail**
   **Ruskin FL 33570**

   Each defendant is required to serve written defenses to the complaint or petition on CHRISTOPHER J SABA, Esquire, plaintiff's attorney, whose address is **WENZEL FENTON CABASSA PA  1110 NORTH FLORIDA AVENUE  SUITE 300  TAMPA FL  33602** within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
**DATED** on March 15, 2016.

Attorney: CHRISTOPHER J SABA, Esquire
Attorney For: Elliot E Valentin
Address: WENZEL FENTON CABASSA PA
1110 NORTH FLORIDA AVENUE
SUITE 300
TAMPA FL  33602

Florida Bar No: 92016

**PAT FRANK**
As Clerk of the Court

*Dana Caranante*

Dana Caranante, Deputy Clerk

Prepared By: Lisa Mangual, Deputy Clerk
P.O. Box 989                800 E Twiggs St
Tampa, FL 33601         Room 101
                                     Tampa FL 33602
(813)276-8100 extension 4365

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.
**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

Electronically Filed: Hillsborough County / 13th Judicial Circuit

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.