UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLIOT E. VALENTIN,

Plaintiff,

v. CASE No. 8:16-CV-967-T-23TGW

CASTILLO PAINT & COLLISION SHOP, INC.,

Defendant.

---

REPORT AND RECOMMENDATION

The plaintiff alleges that the defendant, Castillo Paint & Collision Shop, Inc., failed to pay him overtime compensation in violation of the Fair Labor Standards Act and failed to pay him his wages for his last two weeks of work. The defendant did not defend this case, and the Clerk entered default against it. The plaintiff has submitted evidence that he sustained recoverable damages totaling $15,750.18. Plaintiff's counsel also submitted evidence that he is entitled to an award of attorney's fees and costs totaling $3,757.30. I therefore recommend that the Plaintiff's Motion for Entry of Final Judgment and for Attorneys' Fees and Costs (Doc. 22) be granted, and

that default judgment be entered against the defendant in an amount of $19,507.48.[1]

I.

On April 21, 2016, plaintiff Elliot E. Valentin filed a complaint alleging that the defendant failed to pay him overtime compensation for hours worked in excess of 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. (Doc. 2). He also alleged a state law claim for the failure to pay him for his last two weeks of work (id.). The plaintiff sought unpaid wages and overtime compensation, liquidated damages, and attorney's fees and costs.

The plaintiff alleges that he was employed by Castillo Paint & Collision Shop, Inc., as an auto repair technician from June 2014 until December 2015 (Doc. 2, p. 2, ¶12). According to the plaintiff, he was paid an hourly commission (id.). The plaintiff contends that he was terminated

---

[1]In the plaintiff's motion he requests a judgment of $19,757.48 which includes $4,007.30 in attorney's fees and costs (Doc. 22, p. 2). However, as explained infra, the amount of $4,007.30 is incorrect because it includes an erroneous cost amount of $707.30 rather than the correct amount of $457.30. Accordingly, the correct amount of damages sought by the plaintiff is $19,507.48.

after making repeated complaints to his supervisor that he was not being paid in a timely manner (id., p. 3, ¶19).

The plaintiff further alleges that he was not paid all of his wages, including unpaid commissions for the last two weeks that he was employed by the defendant (Doc. 2, p. 4, ¶28). The plaintiff also contends that the defendant did not properly pay him for the overtime hours that he worked (id., p. 3, ¶23). The defendant was provided notice of the plaintiff's claims (id., pp. 6-7).

On March 25, 2016, the defendant was served with the summons and complaint (Doc. 2). However, the defendant failed to file a response to the complaint or otherwise appear in this case. Consequently, a default was entered against the defendant (Doc. 21).

Subsequently, the plaintiff filed a Motion for Entry of Final Judgment and for Attorneys' Fees and Costs, seeking entry of default judgment against the defendant in the amount of $19,507.48 (Doc. 22). This amount includes $15,750.18 in damages, and $3,757.30 in attorney's fees and costs (id., p. 2). Attached to the motion is an affidavit from the plaintiff, in which he attests to the amount of damages he sustained as a result of the

defendant's FLSA and state law violations (Doc. 22-1, Ex. A). Plaintiff's counsel also filed a declaration explaining the attorney's fees and costs that have been incurred (Doc. 22-2, Ex. B). After the hearing, the plaintiff submitted a supplemental affidavit explaining his unpaid wages (Doc. 27). The defendant has not responded to this motion.

II.

Pursuant to Rule 55(b)(2), Fed.R.Civ.P., a party may seek from the court a default judgment for the amount of the damages caused by the defaulting party. The plaintiff seeks entry of a default judgment against the defendant in the amount of $15,750.18, which comprises unpaid wages, and overtime compensation, as well as liquidated damages, under the FLSA (Doc. 22, p. 2). The plaintiff additionally seeks $3,757.30, in attorney's fees and costs (id.).

A. UNPAID WAGES

The defendant's liability for violations of the FLSA is established by the default entered against it in this case. See 29 U.S.C. 203(d) (broadly defining employer under the FLSA to include "any person acting directly or indirectly in the interest of an employer in relation to an

employee"). In this connection, the plaintiff alleged in the complaint that the defendant was his employer between June 2014 through December 2015 (Doc. 2, p. 2, ¶¶9, 12). The undisputed allegations are sufficient to establish that the defendant is liable under the FLSA.

The FLSA affords an individual whose employer violates the FLSA an award of his unpaid overtime compensation and liquidated damages. 29 U.S.C. 216(b). The FLSA also permits recovery of attorney's fees and costs. Id.

Under the FLSA, a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages. Id. ("Any employer who violates the provisions of [the FLSA] ... shall be liable to the ... employees affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages."). The liquidated damages under the FLSA are compensatory in nature. Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000), cert. denied, 532 U.S. 975 (2001). Thus, "the liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by

liquidated damages." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)).

As indicated, the plaintiff has filed two affidavits which attests, under the penalty of perjury, the basis of his damage claim. These affidavits indicate the hourly wages, the approximate number of hours worked weekly, and the number of weeks or hours for which he received no compensation (Doc. 22-1, Ex. A; Doc. 27).[2] The defendant, which has the burden to make and preserve time records, 29 U.S.C. 211(c), has not produced time records, or otherwise controverted this evidence. Therefore, these affidavits should be accepted as "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).

The Supreme Court has stated that, when an employer, who is usually in a superior position to keep records of employee wages and hours, fails to produce accurate records, "[t]he solution ... is not to penalize the employee by denying him any recovery on the ground that he is unable to

---

[2]In the plaintiff's complaint, he also alleges that the defendant's actions for failing to pay him his wages "were willful, and showed reckless disregard for the provisions of the FLSA" (Doc. 2, p. 3, ¶21).

prove the precise extent of uncompensated work." Id. Therefore, it set forth a burden-shifting test where "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id.

The burden then shifts to the employer to bring forth either evidence of the precise amount of work performed, or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. Id. at 687-88. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." Id. at 688; see Hodgson v. Ricky Fashions, Inc., 434 F.2d 1261, 1264 (5th Cir. 1970) (plaintiffs' testimony as to the number of hours weekly and the number of weeks that schedule was maintained "is sufficient to provide a basis for a reasonable determination of the unpaid wages").

As indicated, the defendant did not present any evidence regarding the amount of work performed by the plaintiff or otherwise rebut the plaintiff's averments. Accordingly, the undisputed damages sustained by the plaintiff should be awarded.

The plaintiff avers that he worked for the defendant an average of 52 hours per week Monday through Saturday (Doc. 22-1, Ex. A, p. 1, ¶3; Doc. 27, p. 1, ¶¶3, 4). He states his normal work schedule was from 8:00 a.m. until 5:00 p.m., but on some days he would work later, or leave earlier, than 5:00 p.m. (Doc. 27, p. 1, ¶5). He attests that he would work an average of "two or more hours" over his scheduled hours (id.). The plaintiff explains that he received a commission for the work he performed based upon the defendant billing the insurance companies at an estimated rate of $46 per hour (id., ¶8). Consequently, the plaintiff states he was paid an hourly rate of $19.23, and earned "approximately $1,000 in wages per week" (id., p. 2, ¶9). Therefore, the plaintiff attests that the defendant owes him "$2,366.10 in unpaid wages," as alleged in Count II because he was not paid for the last two weeks he worked (id., ¶11). The plaintiff further states he is owed "$6,692.04 in unpaid overtime premiums ... plus an equal amount in liquidated damages" for an award of $13,384.08 (id., ¶10). The total amount of damages sought by the plaintiff is $15,750.18 (id., ¶12).

Consequently, the plaintiff's affidavits establish damages from the defendant's FLSA violation and from the failure to pay his wages for his

last two weeks of work in the amount of $15,750.18. As indicated, the defendant has not challenged the sufficiency of this evidence or otherwise objected to recovery of any of these damages. Accordingly, the plaintiff should be awarded that amount.

B. ATTORNEY'S FEES AND COSTS

Plaintiff's counsel seeks an award of an attorney's fee pursuant to the FLSA (Doc. 22, pp. 3-4), which provides that the court shall, in addition to any judgment awarded to a plaintiff, allow "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. 216(b). The plaintiff is entitled to a reasonable attorney's fee and costs.

The FLSA directs that the successful plaintiff be awarded a "reasonable" attorney's fee. The federal lodestar approach is the foundation for setting reasonable fee awards pursuant to the FLSA. See Perez v. Carey International, Inc., 373 Fed. Appx. 907, 911 (11th Cir. 2010) (noting that the district court properly conducted a lodestar analysis in determining an attorney's fee award under the FLSA). This method requires the court to determine a "lodestar figure" by multiplying a reasonable hourly rate for the services of the prevailing party's attorney by the number of hours reasonably

expended on the litigation. Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. Id. at 1299, 1303. Once the lodestar is determined, the court must consider whether an adjustment of the lodestar for the results obtained is appropriate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010).

As indicated, the plaintiff argues that the court should award him an attorney's fee of $3,300 (Doc. 22, p. 3).

1. HOURLY RATES

Federal courts must determine a reasonable hourly rate for the services of the prevailing party's attorney. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1299. The fee applicant bears the burden of "supplying the court with specific and detailed evidence from which the court can determine the

reasonable hourly rate." Id. at 1303. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion. Id. at 1299. "[T]he best information available to the court is usually a range of fees set by the market place...." Id. at 1301. Furthermore, "[t]he court ... is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Id. at 1303.

The plaintiff was represented in this matter by attorney Christopher J. Saba (Doc. 22-2, Ex. B). Saba requests a fee based on an hourly rate of $300 (id., p. 3, ¶5).

Saba, who has practiced law since 2011, is employed by the law firm of Wenzel Fenton Cabassa, P.A., where he litigates cases involving labor and employment law (id., pp. 2, 3, ¶¶2, 4). Since 2011, Saba has litigated these types of cases (id., p. 3, ¶4). Saba is also a member of the Florida Chapter of the National Employment Lawyers Association and The National Employment Lawyers Association (id., p. 2, ¶3). Saba avers that he charges new clients an hourly rate of $300 per hour (id., p. 3, ¶5). Saba submits that this rate is the same as the "prevailing market rates charged in similar

employment cases by attorneys with comparable skill, reputation, and experience" (Doc. 22, p. 3). Consequently, he requests an hourly rate of $300 in this case (Doc. 22-2, Ex. B, p. 3, ¶7).

Considering my knowledge of prevailing market rates in Tampa and the specifics of this case, including the defendant's lack of opposition, a reasonable hourly rate for Saba is $300. See Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 (the court is itself an expert). Although, in my experience, counsel's requested rate is on the high side, taking into consideration his experience in employment law, the small number of hours he expended on this matter, and the lack of opposition, the requested rate is not unreasonable. Accordingly, I recommend that Saba be awarded an hourly rate of $300.

2. REASONABLENESS OF THE NUMBER OF HOURS EXPENDED

The second half of the lodestar equation requires the court to calculate the number of hours reasonably expended on the litigation. Thus, "[e]ven when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded

from the fee calculation." Perez v. Carey International, Inc., supra, 373 Fed. Appx. at 911.

It is the fee applicant's burden to document adequately the hours expended. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In this regard, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303. Furthermore, "excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." Id. at 1301. In other words, fee applicants must use billing judgment. Id.

The plaintiff's motion seeks compensation for 11 hours of legal work performed by Saba (Doc. 22, p. 3). This time was spent on all facets of the litigation, including drafting pleadings and motions, performing legal research, and communicating with opposing counsel (Doc. 22-2, Ex. B, p. 3, ¶7).

Counsel has submitted in support of this request a declaration explaining his claim for fees (Doc. 22-2, Ex. B). Further, Saba avers that the time spent was "reasonable and necessary to bring this matter to a close" (id., p. 3, ¶7). Significantly, the defendant has not challenged the hours billed by plaintiff's counsel.

Additionally, plaintiff's counsel states that the eleven hours includes the time spent drafting the motion for default judgment, and that motion seeks attorney's fees (Doc. 22, pp. 3-4; Doc. 22-2, Ex. B, p. 3, ¶7). The time spent seeking an attorney's fee and costs is compensable. Thompson v. Pharmacy Corp. of America, Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (where attorneys' fees are allowed to the prevailing party by federal statute, the compensable fees include time spent litigating both the entitlement to and amount of fees incurred); Sheet Metal Workers' Int'l Ass'n Local 15, AFL–CIO v. Law Fabrication, LLC, 237 Fed. Appx. 543, 550 (11th Cir. 2007) (recognizing that "fees on fees" are ordinarily authorized under federal statutory fee-shifting provisions).

I therefore recommend that plaintiff's counsel be compensated for 11 hours of legal work. In sum, the hourly rate multiplied by the

compensable number of hours result in the following lodestar amount of $3,300.

After the lodestar is determined, the court must consider the necessity of an adjustment for results obtained. However, as the U.S. Supreme Court stated in Perdue v. Kenny A. ex rel. Winn, supra, 559 U.S. at 552, there is a "strong" presumption that the lodestar reflects a reasonable statutory fee. Furthermore, that presumption is unchallenged here. Accordingly, I recommend that plaintiff's counsel be awarded an attorney's fee of $3,300.

3. COSTS

Finally, the plaintiff's law firm presented evidence that it incurred $457.30 in costs.[3] Those costs comprise the $422.30 filing fee, and $35.00 for service of process (Doc. 22-2, Ex. B, p. 3, ¶8). Plaintiff's counsel submitted a cost summary in support of this request (id.).

---

[3]In the plaintiff's motion, he requests an award of costs in the amount of $707.30, but then later requests $422.30 for the filing fee and $35.00 in process service fees (Doc. 22, pp. 3, 4). Accordingly, the request of $707.30 is a typographical error. Therefore, the correct amount requested is $457.30. The plaintiff in his motion also requested $4,007.30 in fees and costs (id., p. 2). However, that amount appears to include the incorrect figure of $707.30, and not the correct amount of $457.30. Therefore, the correct amount sought by the plaintiff is $3,757.30 ($3,300 + 457.30).

These costs are recoverable. See 28 U.S.C. 1920 (listing categories of taxable costs, which include fees of the clerk and marshal). Further, the defendant has not challenged any of the listed expenses as non-compensable. Therefore, the plaintiff is properly reimbursed those costs. Accordingly, I recommend that the plaintiff be awarded costs of $457.30.

In sum, the plaintiff has demonstrated that he is entitled to damages totaling $19,507.48, which includes the damages for unpaid wages, overtime pay, liquidated damages, and an award of an attorney's fee and costs. Importantly, the defendant has not challenged the sufficiency of the evidence or otherwise objected to recovery of any of these damages. I therefore recommend that the plaintiff be awarded damages totaling $19,507.48.

III.

For the foregoing reasons, I recommend that the Plaintiff's Motion for Entry of Final Judgment and for Attorneys' Fees and Costs (Doc. 22) be granted, and that default judgment be entered in favor of the plaintiff, and against the defendant, Castillo Paint & Collision Shop, Inc., in the amount of $19,507.48, plus post-judgment interest calculated at the statutory rate. See 28 U.S.C. 1961.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: October 29, 2016

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.